UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Sep 10, 2009

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: LIGHT CIGARETTES MARKETING AND
SALES PRACTICES LITIGATION                          MDL No. 2068

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in five actions pending, respectively, in the Southern District of California, the District of Colorado, the Southern District of Florida, the Eastern District of New York, and the Southern District of Texas have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of Florida.[1] This litigation currently consists of eleven actions: four pending in the Eastern District of New York, two in the Northern District of Illinois, and one each in the Southern District of California, the District of Colorado, the Southern District of Florida, the District of Maine, and the Southern District of Texas, as listed on Schedules A and B.[2]

The briefing and oral argument on this Section 1407 motion largely centered on whether three of the eleven actions – Eastern District of New York *Caronia* and *McLaughlin* and Northern District of Illinois *Cleary* – should be excluded from centralized proceedings, thus limiting centralization to the eight actions listed on Schedule A, in which only Philip Morris USA Inc. (Philip Morris) and/or Altria Group, Inc. (Altria) are named as defendants. Philip Morris supports centralization as so defined, as do moving plaintiffs in their reply brief. Although plaintiff in the Eastern District of New York *Tang* action submitted a brief supporting centralization of all eleven actions, he stated through counsel at oral argument that he was now in agreement with moving plaintiffs' amended position concerning exclusion of *Caronia*, *McLaughlin*, and *Cleary*. No other party responded in support of including those three actions in centralized proceedings.[3]

---

[1] Although moving plaintiffs initially sought centralization in the Eastern District of New York in their original moving papers, they amended their position in their reply brief.

[2] The Panel has been notified of nine additional related actions. Those actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[3] The following defendants responded in opposition to inclusion of *McLaughlin* and *Cleary* in centralized proceedings: British American Tobacco (Investments) Limited, B.A.T. Industries p.l.c., Lorillard Tobacco Co., Philip Morris, R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., and Liggett Group LLC. Philip Morris, which is the only defendant in *Caronia*, also responded in opposition to inclusion of that action. Plaintiffs in *Caronia* and *Cleary* submitted

On the basis of the papers filed and the hearing session held, we find that the eight actions listed on Schedule A involve common questions of fact, and that centralization under Section 1407 in the District of Maine will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All eight actions share factual issues as to whether Philip Morris and/or Altria engaged in deceptive marketing of their light cigarettes and/or manipulated the design of those cigarettes to deliver more tar and nicotine when smoked than when tested by the government. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

With respect to the *Caronia*, *McLaughlin*, and *Cleary* actions, however, we are not persuaded that their inclusion in centralized proceedings would serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation at the present time. All three actions are at a relatively advanced stage, and differ in significant ways from the eight listed on Schedule A. The *Caronia* action involves a unique putative New York-wide class seeking only equitable relief, and the complaint therein raises allegations with respect to *all* Marlboro cigarettes – not just those of the "light" variety. The *McLaughlin* action involves numerous other defendants in addition to Philip Morris; discovery appears to have been completed; and the record indicates that the action is no longer a putative class action. Similarly, the *Cleary* action has been pending for more than ten years, involves multiple other defendants, and encompasses broader claims than those found in the eight actions that we have decided to centralize.

We conclude that the District of Maine is an appropriate transferee district for pretrial proceedings with respect to the eight actions listed on Schedule A. The earliest filed of the eight actions is pending in that district, and that action is substantially more advanced than any of the other actions. Moreover, Chief Judge John A. Woodcock, Jr., has the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maine are transferred to the District of Maine and, with the consent of that court, assigned to the Honorable John A. Woodcock, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

---

responses in opposition to inclusion of their respective actions.

- 3 -

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied as to the three actions listed on Schedule B.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman      Kathryn H. Vratil
David R. Hansen                              W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

**IN RE: LIGHT CIGARETTES MARKETING AND
SALES PRACTICES LITIGATION**                                      MDL No. 2068

## SCHEDULE A

      <u>Southern District of California</u>

Miles Tyrer v. Philip Morris USA, Inc., et al., C.A. No. 3:09-52

      <u>District of Colorado</u>

John Fray v. Philip Morris USA, Inc., et al., C.A. No. 1:09-339

      <u>Southern District of Florida</u>

Joseph W. Boyd v. Philip Morris USA, Inc., et al., C.A. No. 9:09-80162

      <u>Northern District of Illinois</u>

Vicki Goins v. Philip Morris USA, Inc., et al., C.A. No. 1:09-118

      <u>District of Maine</u>

Stephanie Good, et al. v. Altria Group, Inc., et al., C.A. No. 1:05-127

      <u>Eastern District of New York</u>

Bryant Tang v. Philip Morris USA, Inc., C.A. No. 1:08-5085
Kathryn Domaingue v. Philip Morris USA, Inc., et al., C.A. No. 1:09-1144

      <u>Southern District of Texas</u>

Vincent Salazar v. Philip Morris USA, Inc., et al., C.A. No. 4:09-339

**IN RE: LIGHT CIGARETTES MARKETING AND
SALES PRACTICES LITIGATION**                                    MDL No. 2068

## SCHEDULE B

<u>Northern District of Illinois</u>

Brian Cleary, et al. v. Philip Morris, Inc., et al., C.A. No. 1:09-1596

<u>Eastern District of New York</u>

Karen McLaughlin, et al. v. Philip Morris USA, Inc., et al., C.A. No. 1:04-1945
Marcia L. Caronia, et al. v. Philip Morris USA, Inc., C.A. No. 1:06-224