UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARCIA L. CARONIA,
LINDA McAULEY, and
ARLENE FELDMAN,

        Plaintiffs,

**ORDER**
06-CV-224 (ERK) (SMG)

-against-

PHILIP MORRIS USA, INC.,

        Defendant.
-----------------------------------------------------------x
Gold, S., *Magistrate Judge*:

    Plaintiffs' motion to review the Clerk's Bill of Costs, Docket Entry 140, is currently pending before the Court. The parties have consented to disposition of the motion by the undersigned Magistrate Judge. Docket Entry 145.

    Defendant, as the prevailing party, seeks costs pursuant to Federal Rule of Civil Procedure 54(d)(1). The Clerk of the Court originally taxed costs in the amount of $15,218.91. After plaintiffs objected to certain items defendant sought to tax, Philip Morris agreed that only a portion of that amount, $12,103.25, was properly taxable.

    I heard argument on plaintiffs' motion on September 2, 2014. During those proceedings, I held that certain additional costs should not be taxed for reasons I explained on the record. The parties subsequently filed a stipulation agreeing that, as a result of my rulings, the amount in dispute was reduced to $8,901.09, or just less than $3,000 per plaintiff.

    Plaintiffs' sole remaining argument is that this Court should exercise its discretion to deny Philip Morris any award of costs at all because plaintiffs have limited financial resources and because this is a case of public importance. In this regard, plaintiffs rely heavily on

*Whitfield v. Scully,* 241 F.3d 264, 270 (2d Cir. 2001), where the Second Circuit held that "costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." 241 F.3d at 270. The Court in *Whitfield* also noted, however, that because Federal Rule of Civil Procedure 54(d) "allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception," and that therefore "the losing party has the burden to show that costs should not be imposed." *Id.* A review of the Advisory Committee Notes suggests, moreover, that Rule 54(d)(1) has remained essentially unchanged since its adoption more than 75 years ago.

While plaintiffs assert that they are individuals of modest means, they do not claim to be indigent, and they have not provided detailed information about their financial resources. I therefore decline to find that an award of less than $3,000 per plaintiff would cause any plaintiff substantial hardship, or that an exception from the general rule awarding costs is warranted on that basis.

Whether an exception should be granted because of the public importance of this case presents a closer question. Plaintiffs brought this case as a putative class action seeking medical monitoring on behalf of persons over fifty with "cigarette smoking histories of twenty-pack-years or more." Fourth Am. Compl., Docket Entry 140-3, ¶ 1. Thus, plaintiffs' contention that this is a case of substantial public importance is compelling. Courts, though, rarely decline to award a prevailing defendant any costs at all because of the public importance of a plaintiff's claims, and even more significant public interests are typically at stake when they do. Plaintiffs cite only two such cases decided by courts in the Circuit, and both involved persuasive claims of substantial deprivations of constitutional rights. *See Moore v. County of Delaware*, 586 F.3d

2

219, 222 (2d Cir. 2009) (declining to tax costs in light of plaintiff's "meager financial resources and his good faith prosecution of claims alleging government misconduct by appellants— misconduct significant enough to convince a state trial judge to suppress evidence and to lead a panel of this Court to find a constitutional violation"); *Fortunati v. Campagne*, 2013 WL 2322958, at *3 (D. Vt. May 28, 2013) (concluding that a fatal police shooting of a mentally ill man raised "difficult and close issues"). Defendant in this case is, of course, a private corporation, and plaintiffs, while they have had substantial exposure to cigarettes, have not been diagnosed with and are not suspected of having lung cancer. Fourth Am. Compl., Docket Entry 140-3, ¶ 1.

Finally, plaintiffs contend that awarding costs to Philip Morris will chill others with legitimate claims against tobacco companies from commencing litigation. I am not persuaded. The number of successful lawsuits against tobacco companies is ever-growing, with former smokers and their families obtaining monetary awards in the millions – even billions – of dollars. *See, e.g.,* Frances Robles, *Jury Awards $23.6 Billion in Florida Smoking Case*, N.Y. Times, Jul. 19, 2014, http://www.nytimes.com/2014/07/20/business/jury-awards-23-6-billion-in-florida-smoking-case.html?_r=0#; John M. Broder, *California Jury Allots Damages of $28 Billion to Ill Smoker*, N.Y. Times, Oct. 5, 2002, http://www.nytimes.com/2002/10/05/us/california-jury-allots-damages-of-28-billion-to-ill-smoker.html?module=Search&mabReward=relbias%3Ar; Andrew Maloney, *Ruling Relights $10B Tobacco Verdict*, Chi. Daily L. Bull., Apr. 30, 2014, http://www.chicagolawbulletin.com/Tobacco-Verdict-4-30-14.aspx. Awards like these provide ample incentive to sue, even to those who anticipate being billed for costs if they do not prevail.

For all these reasons, I conclude that plaintiffs have failed to meet their burden to show that no costs at all should be imposed. Thus, except to the extent that the amount of costs has

already been reduced, plaintiffs' motion is denied, and the Clerk of Court is directed to tax costs against plaintiffs in the total amount of $8,901.09.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 16, 2014

U:\Caronia M&O final.docx